# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS ANDREW BIAS, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-CV-017-TCK-FHM ) |
| JANET DOWLING, Warden, | ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner is a state inmate and appears pro se. Before the Court is Respondent's motion to dismiss (Dkt. # 7). Respondent asserts that Petitioner failed to exhaust administrative remedies prior to commencing this federal habeas corpus action. See id. Petitioner filed a response (Dkt. # 11) in opposition to the motion to dismiss. Petitioner also filed a motion for summary judgment (Dkt. # 12). For the reasons discussed below, Respondent's motion to dismiss shall be granted and the petition shall be dismissed without prejudice for failure to exhaust administrative remedies. Because the petition is dismissed, Petitioner's motion for summary judgment shall be declared moot.

### *BACKGROUND*

In his petition (Dkt. # 1), Petitioner challenges the administration of his sentences entered in Creek County District Court, Case Nos. CRF-1974-0123. In that case, Petitioner was convicted of First Degree Murder and Conspiracy. He was originally sentenced to death on the murder conviction, but that sentence was modified to life imprisonment by the Oklahoma Court of Criminal Appeals (OCCA). See Bias v. State, 561 P.2d 523 (Okla. Crim. App. 1977). Petitioner was

sentenced to five (5) years imprisonment on the conspiracy conviction. Petitioner claims that he has "discharged" his sentence of "life imprisonment." See Dkt. # 1 at 6.

*ANALYSIS*

Habeas corpus relief cannot be granted unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); see also Rose v. Lundy, 455 U.S. 509, 510 (1982); Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Exhaustion of a federal claim may be accomplished by either showing (a) the state's appellate court has had an opportunity to rule on the same claim presented in federal court, or (b) there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254 (b); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534-35 (10th Cir. 1994). The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Lundy, 455 U.S. at 518). Furthermore, a prisoner seeking relief under § 2241 must exhaust state remedies. Montez, 208 F.3d at 865. The requirement includes the exhaustion of administrative remedies as well as judicial remedies. Dulworth v. Evans, 442 F.3d 1265, 1269 (10th Cir. 2006) (citing Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005); Moore v. Olson, 368 F.3d 757, 758 (7th Cir. 2004); Clonce v. Presley, 640 F.2d 271, 273-74 (10th Cir. 1981) (stating that a prisoner must "exhaust the respective state and administrative remedies before challenging his state or federal custody by habeas corpus")).

Petitioner's claim is, in effect, a challenge to the administration of his sentences entered in Case No. CRF-1974-0123 by the Oklahoma Department of Corrections (DOC). In support of the

motion to dismiss, Respondent provides a copy of DOC's policy governing the grievance process, OP-090124. See Dkt. # 7-2. That policy provides an administrative remedy for resolving issues related to several topics, including sentence administration. To exhaust administrative remedies, a petitioner must comply with all steps of the grievance process, beginning with an initial attempt to communicate with staff, followed by submission of a "Request to Staff," submission of a grievance, and finally, submission of an appeal to the Administrative Review Authority (ARA). Id. The ruling of the ARA is final and concludes the internal administrative process provided by the DOC. Id. at 14. The policy also provides for submitting a grievance out of time. Id. at 19.

Respondent also provides the affidavit of Mark Knutson, Manager of the ARA, stating that, as of February 27, 2017, Petitioner had not filed a grievance or an appeal with the ARA. See Dkt. # 7-3. In response to the motion to dismiss, Petitioner neither refutes nor provides evidence controverting Mr. Knutson's affidavit. See Dkt. # 11. Based on Mr. Knutson's affidavit, the Court finds that Petitioner failed to exhaust administrative remedies prior to filing this federal habeas corpus action. Because Petitioner's claim challenging the administration of his sentences is unexhausted, the Court finds the motion to dismiss shall be granted and the petition shall be dismissed without prejudice.

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel,

3

529 U.S. 473 (2000) (citation omitted). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition for failure to exhaust administrative remedies is debatable or incorrect. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to exhaust administrative remedies.
3. Petitioner's motion for summary judgment (Dkt. # 12) is **declared moot**.
4. A certificate of appealability is **denied**.

**DATED** this 24th day of August, 2017.

                                                              **TERENCE KERN**
                                                              **United States District Judge**